Note changes made by the Court.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWLINK TECHNOLOGY, INC., a California corporation,<br><br>                    Plaintiff,<br><br>      v.<br><br>CYPRESS TECHNOLOGY CO., LTD., a foreign corporation; and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No. 8:21-cv-00717-JLS-KES<br><br>[~~PROPOSED~~] **ORDER ON STIPULATED PROTECTIVE ORDER** |

- 1 -

WHEREAS the parties to this action, Plaintiff OWLink Technology, Inc. ("Plaintiff") and Defendant Cypress Technology Co., Ltd. ("Defendant") (collectively, the "Parties"), believe that certain information that is or may be sought by discovery requests or otherwise in this action constitutes trade secrets or other confidential proprietary information within the meaning of Federal Rule of Civil Procedure 26(c).

IT IS HEREBY STIPULATED, subject to the approval of the Court, that:

1.  This Stipulated Order governing the designation and handling of confidential materials ("Order") shall govern the use of confidential information produced or provided by a party or non-party in this proceeding. All references to "Party," "Designating Party" or "Producing Party" throughout this Order are intended to include both parties and non-parties other than the Court. This Order applies to all documents and other products of discovery, all information derived therefrom (regardless of the medium or manner generated, stored, or maintained) and including, but not limited to, all copies, excerpts, summaries, or translations thereof, obtained by the Plaintiff or Defendant pursuant to the requirements of any court order, any requirements of self-executing discovery, requests under Rule 34 of the Federal Rules of Civil Procedure, answers to requests for admission under Rule 36 of the Federal Rules of Civil Procedure, answers to interrogatories under Rule 33 of the Federal Rules of Civil Procedure, documents subpoenaed under Rule 45 of the Federal Rules of Civil Procedure, and transcripts of depositions under Rule 30 or Rule 31 of the Federal Rules of Civil Procedure (hereinafter "Discovery Material"). Discovery Material shall be used solely for the prosecution or defense of this action, including any appeals, and shall not be used for any other purpose. Confidential Information produced or provided by a party or non-party in this proceeding which is desired to be submitted to the Court for any reason shall, unless otherwise agreed or consented to by the party producing the Confidential Information, shall not be so submitted until,

and unless, it is filed **with an application seeking permission to file it** under seal in accordance with the Local Rules of the Court.

2. For purposes of this Order, the terms "Confidential," "Confidential Information" or "Confidential Material" mean information that the Designating Party in good faith believes to contain, reflect, regard, or disclose any trade secret, confidential, or proprietary information, including but not limited to product formulas and related information, marketing plans, consumer research, financial data, projected sales data, pricing data, and matters relating to mergers and acquisitions.

3. For purposes of this Order, the term "Highly Confidential—Attorneys' Eyes Only" or "Highly Confidential Information" or "Highly Confidential Material" means extremely sensitive Confidential Information or Confidential Material, the disclosure of which to another Party would create a substantial risk of serious harm to the Designating Party that could not be avoided by less restrictive means. The Parties anticipate that producing parties may need to protect sensitive proprietary and financial information as "Highly Confidential—Attorneys' Eyes Only" when the disclosure of such documents would pose a serious risk of competitive harm.

4. [RESERVED]

5. Confidential Information or Confidential Material in documentary form shall be so designated by stamping each page produced to a party with one of the following legends:

"**CONFIDENTIAL**"; or

"**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**"

Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. In the case of Confidential Information disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed on the outside of the medium or its container so as to clearly give notice of

1  the designation. If, due to an inadvertent failure to designate, material is
2  appropriately designated as Confidential or Highly Confidential—Attorneys' Eyes
3  Only after the material was initially produced, the receiving Party, on timely
4  notification of the designation, must make reasonable efforts to assure that the
5  material is treated in accordance with the provisions of this Order.

6      6. The designation of material as Confidential or Highly Confidential—
7  Attorneys' Eyes Only pursuant to this Order shall mean that the Producing Party has
8  a reasonable, good faith belief that the material constitutes Confidential Information
9  or Highly Confidential Information as defined in Paragraphs 2 and 3 of this Order.
10  Blanket designation of documents or information as Confidential or Highly
11  Confidential—Attorneys' Eyes Only without regard to the specific contents of each
12  document or piece of information is prohibited.

13      7. In the case of depositions or other pre-trial testimony, designation of the
14  portion of the transcript (including exhibits) which contains Confidential Material or
15  Highly Confidential Material shall be made: (i) by a statement to such effect on the
16  record during the proceeding in which the testimony is received, or (ii) by written
17  notice served on counsel of record in this Litigation within ten (10) business days after
18  the receipt of the draft transcript of such proceeding. All testimony, exhibits and
19  transcripts of depositions or other testimony shall be treated as Highly Confidential
20  Material during the time period between the conclusion of the proceeding in which
21  the testimony is received and the expiration of the ten (10) business days after the
22  receipt of the draft transcript of such proceeding. After the expiration of the ten (10)
23  business days after the receipt of the draft transcript of the proceeding, all portions of
24  deposition transcripts not designated Confidential Material or Highly Confidential
25  Material as provided in paragraphs 2 and 3 shall be deemed not confidential.

26      8. Confidential Information shall be treated by each receiving Party as
27  confidential unless and until the Court rules to the contrary or the Designating Party

agrees otherwise. Unless and until the Court rules or the Designating Party otherwise agrees, and except as set forth in Paragraph 11 herein, access to or disclosure of Confidential Information shall be limited to the following persons, subject to the qualification provisions of Paragraph 10 herein:

    (a)    the Court and those employed by the Court, but only if **filed with a sealing application or** the Court allows the materials to be filed under seal in accordance with the Local Rules, and kept under seal until further order of the Court;

    (b)    each of the named Parties to the litigation, including any representative of the Party (officers, directors, partners, employees) assisting in the prosecution or the defense of the litigation, and such Party's in-house and outside counsel, including the clerical, secretarial, and paralegal staff employed by such counsel;

    (c)    court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in this litigation, and translators engaged for any purpose in the litigation;

    (d)    experts and consultants assisting in the prosecution or the defense of the litigation, plus their clerical and secretarial staff;

    (e)    professional vendors to whom disclosure is reasonably necessary for this litigation; and

    (f)    authors or recipients of Confidential Information as so identified on the face of the document.

9.    Highly Confidential Information shall be treated by each receiving Party as confidential unless and until the Court rules to the contrary or the Designating Party agrees otherwise. Unless and until the Court rules or the Designating Party otherwise agrees, and except as set forth in Paragraph 11 herein, access to or disclosure of Highly Confidential Information shall be limited to the following persons, subject to the qualification provisions of Paragraph 10 herein:

(a) the Court and those employed by the Court, but only if **filed with a sealing application or** the Court allows the materials to be filed under seal in accordance with the Local Rules, and kept under seal until further order of the Court;

(b) the Producing Party, including any representative of the Party (officers, directors, partners, employees) assisting in the prosecution or the defense of the litigation, and such Party's in-house and outside counsel, including the clerical, secretarial, and paralegal staff employed by such counsel;

(c) the receiving Party's outside counsel, including the clerical, secretarial, and paralegal staff employed by such counsel to whom it is reasonably necessary to disclose the information for this litigation;

(d) court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in this litigation, and translators engaged for any purpose in the litigation;

(e) experts and consultants assisting in the prosecution or the defense of the litigation, plus their clerical and secretarial staff to whom it is reasonably necessary to disclose the information for this litigation;

(f) professional vendors to whom disclosure is reasonably necessary for this litigation; and

(g) authors or recipients of Highly Confidential Information as so identified on the face of the document.

10. Counsel desiring to qualify a person or persons to receive Confidential Information under Paragraphs 8(d), 8(e), 9(e) or 9(f) shall first obtain from each such person a signed agreement to be bound by the terms of this Order in the form of Exhibit A hereto.

11. If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action,

investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential Material or Highly Confidential Material by someone other than the Receiver, the Receiver shall give prompt written notice by email within two (2) business days of receipt of such Demand to the person, party, or third party who produced or designated the material as Confidential Material or Highly Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party who produced or designated the material as Confidential Material or Highly Confidential Material. Unless the person, party, or third party who produced or designated the Confidential Material or Highly Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiver prior to production pursuant to the Demand, the Receiver shall be permitted to produce documents responsive to the Demand on the Demand response date subject to first obtaining from such person making the Demand, a signed agreement to be bound by the terms of this Order in the form of Exhibit A hereto.

12. When testimony designated as Confidential or Highly Confidential—Attorneys' Eyes Only is (or is sought to be) elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition.

13. The acceptance by a Party of Confidential Information or Highly Confidential Information shall not constitute an admission or concession or permit an inference that the Confidential Information or Highly Confidential Information is, in fact, confidential. Should any Party object in good faith to such designation, that Party may notify the Designating Party or Parties in writing of such objection, specifying the basis thereof. The Parties shall then negotiate in good faith to attempt to resolve their dispute regarding the confidentiality of the subject materials. Should such meet-

and-confer effort fail, the Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may present the issue to the Court pursuant to Local Rules 37-1 through 37-4. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

14. Nothing in this Order shall be construed as a waiver of the right of any party to object to the production of, the taking of, or the admissibility of any testimony or evidence where such an objection is based on grounds other than that the testimony or evidence involves Confidential Material or Highly Confidential Material.

15. Nothing in this Order shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if that information or document is lawfully obtained from a third party who obtained such information lawfully and not in violation of any confidential and/or non-disclosure agreement with the person or entity which is the original owner such information or document.

16. If a party receiving documents learns that, by inadvertence or otherwise, it has disclosed Confidential Material or Highly Confidential Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Material or Highly Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person or persons to execute the signed agreement to be bound by the terms of this Order that is attached hereto as Exhibit A.

17.    In the event a Party wishes to use any Confidential Material or Highly Confidential Material, or any papers containing or making reference to the contents of such Confidential Material or Highly Confidential Material, in any pleading or document filed with the Court in this action, such pleading or document and Confidential Material or Highly Confidential Material shall be redacted to conceal any Confidential Material or Highly Confidential Material or, if not redacted, filed **with an application seeking permission to file it** under seal in accordance with the Local Rules~~, and kept under seal until further order of the Court~~.

18.    Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Confidential Material or Highly Confidential Material, other than the Court, shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such Confidential Material or Highly Confidential Material and, in either case, certify that fact to counsel for the Producing Party. Counsel of record shall make arrangements for the return of Confidential Material or Highly Confidential Material that counsel of record provided to any persons or entities in paragraphs 8 and 9, except the Court, court personnel and court reporters. Outside counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product, provided that such outside counsel of record shall not disclose Confidential Material or Highly Confidential Material to any person except pursuant to a court order or agreement with the party that produced the Confidential Material or Highly Confidential Material. ~~All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.~~

19.    No party receiving documents or materials designated as Confidential Material shall have any obligation to object to the designation at the time the designation is made or at any time thereafter. No party shall, by failure to object, be

found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

20. If during document production, the Producing Party erroneously or inadvertently produces a document entitled to protection under the attorney-client privilege or the attorney work product doctrine, or other provisions of applicable law: (a) the Parties agree that the erroneous or inadvertent production shall not constitute a waiver of such protection as to either the subject matter of the material or as to related documents or communications; and (b) the Producing Party may request the return of the erroneously or inadvertently produced document at any time before the commencement of trial, but immediately upon learning of the erroneous or inadvertent production and no more than ten court days after the document is first marked as a deposition exhibit, identified as a potential trial exhibit, or otherwise identified by any Party in any pleading, discovery request or response, or correspondence served on all Parties to this action. Any such request shall be made in writing, and shall identify the basis for the claimed protection. If a Party requests the return, pursuant to this paragraph, of any erroneously or inadvertently produced document, all copies of the inadvertently produced document shall be returned to the Producing Party or destroyed, and no reference to the privileged substance of such document shall be made in discovery, at trial, or any other manner. This provision is not intended to alter the law concerning erroneous or inadvertent production of privileged information, except and unless the only act or omission is the production of protected information in this case. The party returning such material may then move the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. The party returning the material may not further use or disclose the information until the claim of privilege is resolved and must take reasonable steps to: (a) notify any person to whom the returning party has provided the information of the claim of privilege,

and (b) request that such person not further use or disclose the information until the claim of privilege is resolved.

21. If any party seeks discovery from a third party, that third party shall be entitled to all of the benefits that a Producing Party has under the terms of this Order so long as the third party agrees to be bound by the obligations of this Order.

22. Nothing contained in this Order shall be a waiver of any objections to the admissibility of any evidence at trial, in any pretrial proceeding or on appeal. The Court retains jurisdiction until 60 days following termination of this action, including any and all appeals, to enforce this Order and to make such deletions from or amendments, modifications and additions to the Order as the Court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the Court at any time, before or until 60 days following termination of this action including any and all appeals, for an order modifying this Order or seeking further protection against disclosure or use of claimed Confidential Material.

**IT IS SO ORDERED.**

Dated: <u>March 3, 2022</u>

*Karen E. Scott*
_____
Karen E. Scott
United State Magistrate Judge

010-9339-3086/2/AMERICAS

# **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *OWLink Technology, Inc. v. Cypress Technology Co., Ltd.*, Case No. 8:21-cv-00717-JLS-KES (the "Litigation"). I understand that I am to receive, or likely to receive certain information in conjunction with the Litigation in my capacity as described in Paragraph _____ of this Stipulated Protective Order and agree to comply with, and to be bound by, all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Litigation.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____