UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00717-SPG-KES | Date | August 29, 2025 |
| Title | OWLink Technology, Inc. v. Cypress Technology Co., Ltd. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT, UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER DEFINING SCOPE OF RETRIAL

This matter is before the Court following the Ninth Circuit Order reversing the Court's denial of Defendant Cypress Technology Co. Ltd.'s ("Defendant") motions for a new trial and remittitur and for renewed judgment as a matter of law. (ECF No. 395 ("Ninth Circuit Order")). In the Order, the Ninth Circuit vacated the judgment against Defendant but left it to the Court "to determine the scope of the new trial in the first instance." (*Id.* at 6).

Following the Ninth Circuit Order, the Court held a status conference on April 30, 2025, at which the Court ordered the parties to file supplemental briefing on the following questions:

1. Whether Plaintiff OWLink Technology Co.'s ("Plaintiff") claim for breach of the implied covenant of good faith and fair dealing allows for the recovery of damages not otherwise available for Plaintiff's breach of contract claim, including remedies in tort; and
2. What is the proper evidentiary scope and measure of damages.

The parties submitted supplemental briefing on May 14, 2025, (ECF No. 413 ("Defendant's Supp. Brief"); ECF No. 414 ("Plaintiff's Supp. Brief")), and filed simultaneous reply briefs on May 21, 2025, (ECF No. 415 ("Defendant's Supp. Reply"); ECF No. 416 ("Plaintiff's Supp. Reply")).

Having considered the parties' submissions, oral arguments, the relevant law, and the record in this case, the Court concludes that the scope of available damages for Plaintiff's implied covenant claim is the same as that for the breach of contract claim. Accordingly, the scope of retrial shall be limited to the question of damages during the two years following breach, though this inquiry may include evidence of the parties' prior dealings, as relevant to assessing damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00717-SPG-KES | Date | August 29, 2025 |
| Title | OWLink Technology, Inc. v. Cypress Technology Co., Ltd. | | |

### I. Damages for Breach of the Implied Covenant of Good Faith

The implied covenant of good faith and fair dealing is "a contract term" and "compensation for its breach has almost always been limited to contract rather than tort remedies." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 684 (1988). This limitation is consistent with the purpose of the implied covenant to ensure that "neither party will do anything which will injure the right of the other *to receive the benefits of the agreement*." *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 658 (1958) (emphasis added). "As a contract concept, breach of the duty [leads] to imposition of contract damages determined by the nature of the breach and standard contract principles." *Foley*, 47 Cal. 3d at 684.

The only recognized exceptions are in specific contexts—particularly insurance—where, for policy reasons, courts have recognized the possibility of recovering tort damages. *See Cates Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 43 (1999) ("[T]his court recognizes only one exception to that general rule: tort remedies are available for a breach of the covenant in cases involving insurance policies."); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1399 (1990) ("[T]he recognition of a tort remedy for a breach of the implied covenant in a noninsurance contract has little authoritative support."). This case does not involve an insurance contract, and Plaintiff does not otherwise argue that this agreement created some special relationship that would justify the imposition of tort remedies. Therefore, the sole measure of damages here is contract damages. *See Mitsui Mfrs. Bank v. Superior Ct.*, 212 Cal. App. 3d 726, 731 (1989) (concluding that "because the transaction involved here is the quintessentially ordinary arms-length commercial transaction between two parties of equal bargaining strength," the sole remedy for breach would be "ordinary contract damages").

The Ninth Circuit held in its Order that, "through section 7.5 of the EBMA, the parties effectively agreed to cap *contractual damages* to two years' worth of the value of the EBMA to OWLink, following termination of the 'ODM Contract.'" (Ninth Circuit Order at 4 (emphasis added)). Because the sole measure of damages here is contract damages and contract damages are capped at two years under the Ninth Circuit's reading of the contract, Plaintiff cannot recover more than these two years of damages for breach of the implied covenant.

To be sure, the Ninth Circuit's statement was preceded by the following: "Setting aside any claimed breach of the duty of good faith and fair dealing, which is not before us . . . ." (*Id.*). Plaintiff cites this to argue that the Ninth Circuit differentiated between the damages available for breach of contract and breach of the implied covenant. Plaintiff contends that the implied covenant claim here "encompasses broader—and different—conduct" during "different time periods," implicating Defendant's "entire scheme to cut OWLink out of their partnership," beginning in early 2018. (Plaintiff's Supp. Brief at 5).

But while the *conduct* underlying the implied covenant claim may differ from that underlying the breach of contract claim, Plaintiff's asserted *damages* are identical, save for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00717-SPG-KES | Date | August 29, 2025 |
| Title | OWLink Technology, Inc. v. Cypress Technology Co., Ltd. | | |

length of the recovery period. As Plaintiff explains, the implied covenant claim "seeks seven years of damages for the commissions OWLink could have earned if the EBMA had terminated in 2027, absent Cypress's bad faith interference." (*Id.* at 6). The breach of contract claim, as explained by the Ninth Circuit, is "the value of the EBMA" over the two years following the 2020 breach. (ECF No. 395 at 4). Under Section 3.1 of the EBMA, "the value of the EBMA" to Plaintiff is the commissions that it would earn, based on "the difference between Cypress's pricing of the ODM Products provided to OWLink and the final deliver price to Crestron negotiated by OWLink." (ECF No. 23-1 at 3). Thus, the implied covenant claim seeks the same measure of damages, starting from the same date—the only difference is that Plaintiff seeks damages beyond the two-year cap imposed by the contract. Allowing Plaintiff to recover excess damages under the implied covenant would thus grant Plaintiff greater relief than what the parties agreed to in the contract. In other words, Plaintiff impermissibly seeks to endow the implied covenant "with an existence independent of its contractual underpinnings," going beyond "the benefits of the agreement actually made." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 349 (2000) (citation omitted).

The conclusion that Plaintiff's damages for breach of contract and breach of the implied covenant are identical is also supported by Plaintiff's prior characterizations of the available damages. In Plaintiff's complaint, for example, Plaintiff lumped together the prayer for judgment as to its breach of contract and breach of implied covenant claims, seeking damages of "not less than $7,113,211 for each of no less than the next seven (7) years for a sum total of no less than U.S. $49,792,478, plus $1,518,504 for unpaid 2020 commissions." (ECF No. 23 at 24). And in the jury verdict form in the previous trial, Plaintiff agreed that the jury would only reach the implied covenant claim if it first found that Plaintiff could not recover on its breach of contract claims. *See* (ECF No. 247). Plaintiff now argues that it would not have agreed to this had it known "at the time of the original trial that Count I would be limited to two years of damages." (Plaintiff's Supp. Brief at 9). But the jury verdict form to which Plaintiff agreed contemplated this exact scenario, instructing the jury that if it found the "termination of the EBMA was valid," the measure of damages would be "the two-year period between August 20, 2020 and August 20, 2022." (ECF No. 247 at 3). In this scenario—which, again, Plaintiff explicitly agreed to—the jury still would not have reached the implied covenant claim. The fact that it was the Ninth Circuit that found, based on new arguments presented on appeal and contrary to the jury's verdict, that a valid termination of the EBMA had occurred, does not excuse Plaintiff from its prior agreement that damages would be limited to two years if the EBMA termination was valid.

Plaintiff cites several cases for the prospect that "[a] claim for breach of the implied covenant of good faith and fair dealing may be stated independently of and alongside a claim for breach of contract if the two claims do not assert the same 'underlying breach.'" (Plaintiff's Supp. Brief at 3). However, all but one of Plaintiff's cases relate solely to the ability to *state* independent claims, not to recover independent damages on those claims. *See Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 716 (N.D. Cal. 2014) (granting motion to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00717-SPG-KES | Date | August 29, 2025 |
| Title | OWLink Technology, Inc. v. Cypress Technology Co., Ltd. | | |

implied covenant claim because plaintiff's theory of liability was "simply duplicative of her breach of contract cause of action" (citation and brackets omitted)); *Digerati Holdings, LLC v. Young Money Ent., LLC*, 194 Cal. App. 4th 873, 885 (2011) (affirming denial of anti-SLAPP motion as to breach of contract claim, and grant of motion as to implied covenant claim, because "the gravamen of the two counts" was different); *Careau & Co.*, 222 Cal. App. 3d at 1395 (affirming grant of demurrer as to implied covenant claim because "the allegations do not go beyond the statement of a mere contract breach"). This Court has already found that Plaintiff could state an independent claim for breach of the implied covenant as an alternative to its breach of contract claims, so these cases have no application here. (ECF 326 at 8:04-09:04). The sole case Plaintiff cites relating to damages is *Hewlett-Packard Co. v. Oracle Corp.*, which upheld a jury verdict that found defendant had "breached both the express terms of the settlement agreement [] and the implied covenant of good faith and fair dealing." 65 Cal. App. 5th 506, 513 (2021). But the jury in that case did not assign independent damages to those claims, and the parties on appeal were not disputing the validity of the dual findings of guilt. The case therefore did not hold that independent recovery was permissible, let alone compel such a conclusion under the facts of this case.

Finally, Plaintiff argues that Defendant conceded that the implied covenant claim belongs within the scope of retrial during oral argument before the Ninth Circuit. (Plaintiff's Supp. Brief at 8). As an initial matter, however, Defendant's statements to this effect were equivocal, as Defendant stated only that this claim would "potentially" be part of a retrial, and that Defense Counsel could not "think of" a circumstance where it would not be. (*Id.*). More importantly, these statements were made before the Ninth Circuit's ruling and were made in the context of Defendant advocating for a full retrial as to liability. Given the Ninth Circuit's Order, it would make little sense to hold Defendant to this statement now.

## II.    Scope of Evidence in Retrial

Next, Plaintiff argues that, even if the Court concludes that a retrial is only needed as to the damages for breach of contract, the Court should permit a full presentation of evidence as to liability. (Plaintiff's Supp. Brief at 12). Plaintiff argues that this is necessary because the jury will be asked to determine the future value of the EBMA, and the parties' past dealings with one another are directly relevant to this assessment. (*Id.*). Specifically, Plaintiff points to likely disputes between the parties about the "compensation rate," which is calculated "with reference to the parties' past practices," requiring "evidence regarding the historic motivations and dealings between the parties." (*Id.* at 13).

The Court agrees with Plaintiff that evidence about past practices will be relevant to the calculation of the future value of the contract. However, that does not mean that the retrial needs to include "a full presentation of liability," as Plaintiff suggests. The function of such a broad retrial would be to encourage the jury to award higher damages based on the severity of Defendant's conduct. But since damages are solely contractual, and not tortious, the severity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00717-SPG-KES | Date | August 29, 2025 |
| Title | OWLink Technology, Inc. v. Cypress Technology Co., Ltd. | | |

of Defendant's conduct is irrelevant. Therefore, while the scope of retrial can include examination of the parties' past dealings as relevant to establishing the expected future value of their contract, there is no reason to reexamine liability at this time.

Without ruling on the admissibility of any specific evidence, the Court generally agrees with Defendant's statement of the relevant evidence:

(i) invoices submitted by Cypress to Crestron both before and after the EBMA's termination; (ii) documents reflecting price quotes from Cypress and the agreed-upon price ultimately paid by Crestron; (iii) the terms and conditions of the agreement reached between Cypress and Crestron subsequent to the termination of the EBMA and ODM Contract; (iv) documents and testimony bearing on factors that would impact Crestron's willingness to accept certain product prices from August 2020 onward, including the New Taiwanese Dollar to United States Dollar exchange rate, a shortage of raw materials and component parts, supply chain issues relating to Cypress's products, and a shortage of shipping space in light of the pandemic; and (v) general market conditions.

(Defendant's Supp. Brief at 10). This approach would allow admission of the evidence Plaintiff states is necessary, without requiring a full retrial as to liability.

### III. Conclusion

For the foregoing reasons, the Court concludes that the scope of the retrial shall be limited to determining the amount of Plaintiff's damages over the two years after Defendant's breach of contract. A full presentation of liability is not necessary, though the parties may introduce evidence of past practices as needed to determine the amount of damages. The parties are ORDERED to meet-and-confer and file a proposed schedule for the trial, pretrial conference, and pretrial filings within fourteen (14) days of the issuance of this Order. As always, the parties are encouraged to continue their settlement discussions to avoid the need for a second trial.

**IT IS SO ORDERED.**

:

Initials of Preparer    pg